| | | |
|---|---|---|
| **PORTLAND MAIN OFFICE**<br>1000 SW Third Avenue, Suite 600<br>Portland, Oregon 97204<br>(503) 727-1000<br>www.usdoj.gov/usao/or<br><br>Leah K. Bolstad<br>Assistant U.S. Attorney<br>Leah.Bolstad@usdoj.gov<br>(503) 727-1000 | <br><br>**DEPARTMENT OF JUSTICE**<br>United States Attorney's Office<br>Acting U.S. Attorney Scott E. Asphaug<br>District of Oregon | **EUGENE BRANCH**<br>405 E 8th Avenue, Suite 2400<br>Eugene, Oregon 97401<br>(541) 465-6771<br><br>**MEDFORD BRANCH**<br>310 West Sixth Street<br>Medford, Oregon 97501<br>(541) 776-3564 |

July 25, 2021

Jerry Needham
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, OR 97204

Re:    *United States v.* ~~Dakota~~ *Dakotah Ray Horton,* Case Nos. 3:20-CR-00419-SI
      Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges**: Defendant agrees to waive indictment and plead guilty to Count 1 of an Information charging him with Assault on a Federal Officer with a Dangerous Weapon, Resulting in Bodily Injury, in violation of Title 18, United States Code, Sections 111(a)(1), (b).

3. **Penalties**: Count 1 carries a maximum sentence of twenty (20) years' imprisonment, a fine of up to $250,000, a three-year term of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea, or explain to the court why it cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Dakota R. Horton, Plea Letter
Page 2

6. **Elements & Factual Basis:** The parties stipulate and agree to the following essential elements and factual basis. There are three elements:
      (1) Defendant forcibly assaulted a federal officer;
      (2) Defendant did so while the federal officer was engaged in, or on account of, his official duties;
      (3) Defendant used a deadly or dangerous weapon OR inflicted bodily injury.[1]

Defendant admits that on July 27, 2020, in the District of Oregon, he attended a late-night protest at the United States Courthouse. During this protest, some participants attempted to destroy the security fence with power tools. The Federal Protective Service (FPS) declared an unlawful assembly in an attempt to disperse the crowd. Victim 1 is Deputy United States Marshal (DUSM), a federal officer. Victim 1 was dressed in clearly marked police tactical uniform and was wearing protective equipment. Victim 1 was part of a line of DUSMs who were moving towards a line of protestors who refused to leave the area despite multiple orders to do so. During this standoff, a female protestor (N.M.) assaulted a federal officer. While helping to effectuate the arrest of N.M., Victim 1 was kneeling on the ground to try to get her into handcuffs. Defendant approached Victim 1 from behind and struck him in the upper back, neck and shoulder area with a wooden baseball bat. This caused Victim 1 to have significant bruising and soreness that lasted several days.

7. **Acceptance of Responsibility:** Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level. The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

8. **Advisory Guideline Calculation:** The government anticipates that defendant has 1 criminal history point, and possibly more, producing a criminal history category of at least I.[2]

---

[1] Definitions: **Deadly or Dangerous Weapon: any object which, as used or attempted to be used, may endanger the life of or inflict great bodily harm on a person." *Anchrum*, 590 F.3d 801 (9th 2009); *Sanchez*, 914 F.2d 1355 (9th Cir. 1990). "Dangerous weapons" constitute both inherently dangerous weapons such as "guns, knives, and the like," as well as other seemingly innocuous objects that may become dangerous or deadly given "the manner in which the[y] . . . [are] used," *Smith*, 561 F.3d at 939 (9th 2009); *Guilbert*, 692 F.2d 1340, 1343 (11th Cir. 1982) (holding a "belt" and a "shoe" to be dangerous weapons).
**Bodily Injury: any injury to the body, no matter how temporary. It includes any cut, abrasion, bruise, burn, or disfigurement; physical pain; illness; or impairment of the function of a bodily member, organ, or mental faculty. *U.S. v. Gutierrez*, 745 F.3d 463 (11th Cir. 2014).

[2] The criminal history is set forth as merely an estimate and the parties understand that the final criminal history calculation will be determined by the Court following the receipt of a PSR and this initial estimate is not binding upon the parties.

Revised 02/03/10

Dakota R. Horton, Plea Letter
Page 3

The parties stipulate and agree to the applicability of the following base offense level and adjustments on Count 1:

| | | |
|---|---|---|
| (1) U.S.S.G. § 2A2.2 | - Base offense level | 14 |
| (2) U.S.S.G. § 2A2.2(b)(2) | - Dangerous Weapon | +4 |
| (3) U.S.S.G. § 2A2.2(b)3) | - Bodily Injury | +3 |
| (4) U.S.S.G. § 2A2.2(b)(7) | - 111(b) | +2 |
| (5) U.S.S.G. § 3E1.1 | - Acceptance | - 3 |
| | | = 20 |

9.  **Government Sentencing Recommendation:** If defendant agrees to resolve his case prior to the August 25, 2021 deadline, and demonstrates an acceptance of responsibility as described above, the government will recommend a sentence of 24 months imprisonment, a three-year term of supervised release and a $100 fee assessment. This recommendation includes a 3-level reduction under Section 3553(a) in recognition for defendant's agreement to proceed by information during the pandemic, his positive work during pretrial drug treatment, and to achieve a reasonable sentence under the factors listed in 18 U.S.C. Section 3553(a).

10. **Additional Departures, Adjustments, or Variances:** The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. The defendant reserves the right to seek any downward departures, adjustments, or variances to the advisory sentencing guideline range, and to seek a sentence below the government's recommendation.

11. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

12. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the recommendations of the parties.

**Revised 02/03/10**

Dakota R. Horton, Plea Letter
Page 4

13. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

14. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

   If defendant believes that the government has breached the plea agreement, he must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, he has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

15. **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16. **Deadline**: This plea offer expires if not accepted by **August 25, 2021**, at 5:00 p.m.

Sincerely,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD
Assistant United States Attorney

I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

8-10-21
Date

Dakota Ray Horton, Defendant

I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

8-10-21
Date

Jerry Needham, Attorney for Defendant

Revised 02/03/10