SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney
leah.bolstad@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:20-cr-00419-SI |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| DAKOTAH RAY HORTON, | |
| Defendant. | |

     During the 2020 riots in downtown Portland, defendant ignored multiple dispersal orders just outside the federal courthouse. While a Deputy United States Marshal arrested a person who was also disobeying these lawful orders, defendant used a wooden baseball bat to strike the Deputy Marshal in the back, neck and shoulder area, causing injury. This Court should impose a 24-month sentence to punish and deter this type of violent conduct towards law enforcement.

**Government's Sentencing Memorandum**     **Page 1**
Revised Aug. 2019

I.      Background

A.      The Offense Conduct

On July 27, 2020, at approximately 1:10 a.m., violent opportunists attempted to destroy the security fence in front of the federal courthouse with power tools.  The Federal Protective Service (FPS) declared an unlawful assembly multiple times to disperse the crowd.  Next, violent opportunists attacked law enforcement officers by throwing hard objects, glass bottles and explosive devices at them.  During this incident, Deputy United States Marshal (DUSM) Adult Victim 1 (AV1) was dressed in a clearly marked police tactical uniform and was wearing protective equipment to include a gas mask, helmet, and body armor.

At approximately 1:20 a.m., AV1 was walking with a group of DUSMs when multiple subjects formed a line in front of them.  These subjects were holding various items to include hockey sticks, bats, and shields.  Using a loudspeaker, FPS officers ordered the subjects to disperse from the area, but the subjects did not comply.  After the subjects ignored repeated orders to depart the area, the United States Marshals Service (USMS) line moved forward to disperse the subjects.

As deputies approached, law enforcement officers attempted to apprehend N.M. for assaulting an officer.  AV1 assisted with the arrest.  As AV1 knelt on the ground near N.M., a male assailant approached AV1 from behind.  The assailant struck AV1 in the upper back, neck and shoulder area with a wooden baseball bat.  AV1 was facing the opposite direction when the assault occurred.  When AV1 turned around, he observed the assailant pointing a wooden baseball bat at him.  The assault caused AV1 to have significant bruising and soreness that lasted several days.

 

     Several observers were "live streaming" these events, and DUSM investigators reviewed and preserved video footage of this assault to identify and apprehend the assailant. From this footage, investigators observed the assailant was wearing a distinct light gray sweatshirt with "HOLLI STER" lettering on the front. It had long black sleeves and a black hood. The assailant also wore a black bandana face covering, black jeans and black and white colored Converse "Chuck Taylor" style sneakers. The assailant carried a drawstring backpack with three stripes.

     On August 17, 2020, at 11:50 p.m., an investigator with the USMS observed a male individual in the Rock Creek area wearing the exact same clothing as worn by the assailant on July 27, 2020. This male was later identified as Dakotah Ray Horton, the defendant. He exited an apartment wearing the same gray and black Hollister sweatshirt, dark jeans and black and white converse sneakers with white shoelaces and was carrying the same gray draw string backpack. He entered the passenger side of a vehicle, and DUSMs followed and made a traffic

**Government's Sentencing Memorandum**                                                             **Page 3**

stop. They positively identified the passenger (Horton) as the assailant and arrested him. During a search incident to arrest, investigators found a loaded 9mm firearm (one round in chamber) holstered in his waistband, concealed without a permit.

### B.     The Charges

Defendant was charged in a single count indictment with Assault on a Federal Officer, Causing Injury, in violation of Title 18, United States Code, Section 111(b).

### C.     The Plea Agreement & Guideline Computations

Defendant agreed to plead guilty to Count 1. There are no counts to dismiss at sentencing. Defendant stipulated and agreed to the following guideline computations, which are also set forth correctly in the PSR:

| Guideline | Government's Position |
|---|---|
| Base Offense Level<br>USSG § 2A2.2 | 14 (not contested) |
| Dangerous Weapon (baseball bat)<br>USSG § 2A2.2(b)(2) | +4 (not contested) |
| Bodily Injury<br>USSG § 2A2.2(b)(3) | +3 (not contested) |
| Aggravated Assault (111(b))<br>USSG § 2A2.2(b)(7) | +2 (not contested) |
| Acceptance of Responsibility<br>USSG § 3E1.1 | -3 (not contested) |
| **Total Offense Level by Plea** | **20** |

The PSR correctly points out an additional applicable guideline that the plea agreement failed to capture: a 6-level increase for Official Victim under U.S.S.G. § 3A1.2(b).

## II.    Government's Recommended Sentence

The Court should impose a 24-month sentence followed by three years of supervised release. The nature and circumstances surrounding this offense are very concerning. Defendant forcibly assaulted a law enforcement officer who was engaged in his lawful duties during a

particularly dangerous riot. Defendant used a wooden bat to hit this officer from behind, and in so doing, he caused bodily injury.

Against the aggravated nature of the offense, the Court must balance some mitigating factors. First, defendant has zero criminal history. Second, he performed well on pretrial release in residential treatment. Third, defendant saved government resources by agreeing to proceed by Complaint and Information rather than force the government into the infrequent grand jury sessions that happened during the pandemic. Defendant accepted responsibility, he has expressed remorse and he will provide an apology to the victim. Taking responsibility for one's actions and then making positive steps forward is a sign that specific deterrence has already occurred.

A 24-month term of incarceration takes into account the nature and seriousness of the offense and the history of this offender. It will deter others from similar conduct. It will provide just punishment for the offense.

### III. Conclusion

Based on the foregoing, the government recommends that this Court impose a sentence of 24 months, followed by a three-year term of supervised release, subject to the standard conditions.

Dated: December 8, 2021

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

*/s/ Leah K. Bolstad*
LEAH K. BOLSTAD, OSB #052039
Assistant United States Attorney